UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| CHRISTOPHER D. MINES, | ) | |
| | ) | |
|    *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-1 |
| | ) | *Mattice/Carter* |
| METRO MOORE COUNTY JAIL, | ) | |
| SHERIFF MARK LOGAN, TYLER RIDDLE, | ) | |
| ROBERT MATHIS, | ) | |
| | ) | |
|    *Defendant.* | ) | |

## **MEMORANDUM**

    Plaintiff Christopher D. Mines ("Mines") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Court Doc. 2). On January 11, 2012, an order was issued which was returned to the Court stamped "Return to Sender" and "No longer here" (Court Doc. 4). The Order included a warning that failure to notify the Court of any address change within ten days following the change, would result in the dismissal of this action (Court Doc. 3).

    A copy of an order was mailed to Mines at the Franklin County Jail on January 11, 2012, and returned to the Court on January 18, 2012, with a notation that Plaintiff was no longer incarcerated at the Franklin County Jail and they were unable to forward the envelope. Mines has not notified the Court of a current address; thus, the Court is unable to mail an Order to him. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. The Court's inability to communicate with plaintiff and the Court's interest in managing the docket weigh in favor

1

of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Mines's failure to notify the Court of his current address.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Mines due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Mines's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

                                        */s/Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE